UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

ORLANDO MALDONADO HERNANDEZ,

     Petitioner,    **MEMORANDUM & ORDER**
               26-CV-1397 (EK)

    -against-

PAMELA BONDI, Attorney General et al.,

     Respondents.

------------------------------------x
ERIC KOMITEE, United States District Judge:

   Orlando Maldonado Hernandez petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he was wrongfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and, accordingly, was entitled to a bond hearing under 8 U.S.C. § 1226(a). On March 11, this Court directed the government to afford petitioner a bond hearing or otherwise release him by March 24. ECF No. 3. On March 23, petitioner was given a bond hearing, at which the Immigration Judge ("IJ") set bond at $15,000. ECF No. 6, at 2. Petitioner posted bond and was released from custody on March 26. ECF No. 5. Petitioner now claims he was denied due process at the hearing because the IJ improperly considered the likelihood of government appeal when determining his bond. ECF Nos. 6, 9.

   This Court has jurisdiction to review whether petitioner has "received the due process to which he [is]

entitled" pursuant to the Court's prior order, *see Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020), but not to review the IJ's weighing of the evidence presented.  8 U.S.C. § 1226(e).

The regulations that implement Section 1226 of the INA set forth what a noncitizen must establish at an initial bond determination.  The noncitizen "must demonstrate to the satisfaction of the [IJ] that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.  Such an [IJ] may also, in the exercise of discretion, release" the noncitizen if warranted.  8 C.F.R. § 236.1(c)(8); *accord Velasco Lopez*, 978 F.3d at 849. "The determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service."  8 C.F.R. § 1003.19(d).

It may well have been improper for the IJ to consider the likelihood that the government would appeal the bond determination.  However, the consideration of a factor outside the statute would go to the *substance* of the bond determination, not due process, and thus should be raised to the Board of Immigration Appeals on direct appeal rather than this Court. "An assertion that an IJ . . . misread, misunderstood, or misapplied the law in weighing factors relevant to the grant or

2

denial of discretionary relief does not convert what is essentially an argument that the IJ . . . abused their discretion into a legal question." *Guyadin v. Gonzales*, 449 F.3d 465, 468 (2d Cir. 2006); *see also Singh v. Francis*, No. 26-CV-344, 2026 WL 809385, at *1 (E.D.N.Y. Mar. 23, 2026).

Maldonado Hernandez contends that the IJ's consideration of the likelihood of a government appeal suggests that she was not an impartial arbiter, and therefore violated due process.  The challenged statement is insufficient to justify that conclusion.  It is true that "an immigration judge has a responsibility to function as a neutral, impartial arbiter." *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006). But adverse judicial rulings alone "almost never" constitute bias sufficient even to warrant disqualification, let alone constitute a due process violation.  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

In light of the foregoing, petitioner's request for further relief from this Court must be denied.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.


                            /s/ Eric Komitee
                          ERIC KOMITEE
                          United States District Judge


Dated:    May 18, 2026
          Brooklyn, New York